**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ARMANDO RAFAEL MASCORRO,** | § | |
| **Reg. No. 41679-509,** | § | |
| **Movant,** | § | |
| | § | **EP-23-CV-67-FM** |
| **v.** | § | **EP-21-CR-833-FM-1** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Armando Rafael Mascorro asks the Court to vacate, set aside, or correct his sentence through a *pro se* motion pursuant to 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 52.[1] His motion is denied for the following reasons.

**BACKGROUND**

Mascorro is a 37-year-old inmate serving a ten-year sentence for attempted coercion and enticement. J. Crim. Case, ECF No. 44 at 1, 2. He is diagnosed with various medical conditions including scoliosis, cerebral palsy, and hypertension. Presentence Investigation, ECF No. 34 at ¶ 38. He is incarcerated at the Federal Correctional Institution in Seagoville, Texas. *See* Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 41679-509) (last visited Aug. 8, 2023). His anticipated release date is April 19, 2029. *Id.*

On April 24, 2021, Mascorro used a social media messaging application—which permitted him to send and receive text messages and other content over the internet—to arrange for a sexual encounter with a girl named "Lexi." Presentence Investigation, ECF No. 34 at ¶ 5. He believed at the time that Lexi was 14 years old—although Lexi was actually the creation of an undercover

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-21-CR-833-FM-1. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

agent working for the Federal Bureau of Investigation (FBI). *Id*. When he arrived at Lexi's purported residence to have sex with her, he encountered FBI agents who arrested him. *Id*. at ¶ 6. Upon acknowledging his constitutional rights, he admitted to the FBI agents that he had communicated with Lexi in the belief she was a 14-year-old female. *Id*. at ¶ 7. He explained he was attracted to younger girls—although he claimed he understood it was against the law for him to have sex with a minor. *Id*.

Mascorro was indicted for using a facility of interstate to coerce and entice an individual, who had not attained the age of 18 years, to engage in a sexual activity, in violation of 18 U.S.C. § 2422(b). Indictment, ECF No. 12. He pleaded guilty without the benefit of a plea agreement. R. & R., ECF No. 29. His minimum sentence for the offense was 120 months' imprisonment. Presentence Investigation, ECF No. 34 at ¶ 49. He was accordingly sentenced by the Court to ten years' imprisonment. J. Crim. Case, ECF No. 44 at 2. He did not appeal.

In his § 2255 motion, Mascorro claims his counsel provided constitutionally ineffective assistance when he failed to (1) file a motion to suppress, (2) argue for a downward departure under Sentencing Guideline §5K1.1 based on his substantial assistance to authorities, (3) seek a downward departure under Sentencing Guideline §5K2.22 due to his extraordinary physical impairment, (4) consider asking for a jury trial, (5) confront the investigators, and (6) challenge the illegal search technology used by the undercover agent. Mot. to Vacate, ECF No. 52 at 4–8. He asks the Court to vacate, set aside, or correct his sentence. *Id*. at 12.

## STANDARD OF REVIEW

Title 28 U.S.C. § 2255 " 'provides the primary means of collateral attack on a federal sentence.' " *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d

1111, 1113 (5th Cir. 1990)). But "it does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). It is not a "substitute for direct appeals." *United States v. Willis*, 273 F.3d 592, 596 (5th Cir. 2001); *see also United States v. Frady*, 456 U.S. 152, 167 (1982) (imposing a "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal); *Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating "[w]here the petitioner—whether a state or federal prisoner—failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice.' "). And it identifies only four grounds on which a prisoner may obtain relief: (1) the "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted). Consequently, § 2255 does not permit relief on a claim of error that is neither constitutional nor jurisdictional unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). It also requires the prisoner to bear the burden of establishing a claim of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (citing *United States v. Kastenbaum*, 613 F.2d 86, 89 (5th Cir. 1980)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him] a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). But it also allows a court to dismiss the motion "[i]f it plainly appears from the motion ... and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255 Rule 4(b);

*see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

A prisoner may bring "an ineffective-assistance-of-counsel claim … in a collateral proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 504 (2003). If he does, his claim is analyzed under the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail, he has the burden of showing (1) his counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689–94. To establish deficient performance, he must prove that his counsel's assistance fell " 'below an objective standard of reasonableness.' " *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (quoting *Strickland*, 466 U.S. at 688). "[T]o establish prejudice, [he] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (quoting *Strickland*, 466 U.S. at 694).

ANALYSIS

### A.  Motion to Suppress

Mascorro contends his trial counsel provided constitutionally ineffective assistance when he failed to file a motion to suppress. Mot. to Vacate, ECF No. 52 at 4. He claims that "law enforcement forcefully [removed] from [his] hands … his electronic device and immediately rifl[ed] through its contents WITHOUT formal permission or Search Warrant, and upon

documented intimidation techniques against a mentally-impaired and physically-disabled individual." Reply, ECF No. 64 at 1. He explains his "case shows a significant 'performance' deficiency upon his attorney's failure to challenge the initial search … showing that he was NOT prepared to volunteer his technology to law enforcement but acted upon coercion and intimidation, and informed his attorney that he wished to withdraw his consent." Mem. in Support, ECF No. 52-1 at 11, 12, 21. He maintains "at no time did [he] offer consent voluntarily or otherwise, thus negating any prosecutorial justification for permission to search or seize items to be used against him at sentencing." *Id*. at 22.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Typically, in order to be 'reasonable' under the Fourth Amendment, a search must be supported by a warrant, unless the search is supportable under one or more of the 'specifically established and well-delineated exceptions' to the warrant requirement." *Neumeyer v. Beard*, 421 F.3d 210, 213 (3d Cir. 2005) (quoting *United States v. Brightwell*, 563 F.2d 569, 574 (3d Cir. 1977) (internal citations and quotations omitted).

The Sixth Amendment requires "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991). Moreover, it "requires *effective* assistance of counsel at critical stages of a criminal proceeding." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (emphasis added).

"While it is true that a failure to object properly or to preserve fundamental errors at trial may constitute ineffective assistance, . . . the standard under *Strickland* ultimately diverts attention

5

from legal error to assessing the probability that the outcome of the proceeding would have been different." *Smith v. Black*, 904 F.2d 950, 980 (5th Cir.1990), *vacated on other grounds*, 503 U.S. 930 (1992). So, when the crux of the ineffective assistance claim involves counsel's failure to file a motion to suppress evidence, " 'the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.' " *United States v. Alanis*, 88 F. App'x 15, 17 (5th Cir. 2004) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). As a result, a petitioner's allegation of ineffective assistance in failing to file a motion to suppress places the burden on petitioner to prove not only that counsel was deficient, but also that the motion, if it had been filed, would have been granted and the evidence—which was admitted at his trial—would have been suppressed. *See Kimmelman*, 477 U.S. at 375.

Mascorro does not specifically identify evidence that was used in violation of his Fourth Amendment protections. Mem. in Support, ECF No. 52-1 at 11, 12, 21, 22. Indeed, his cell phone contents were not mentioned at his plea hearing. If his attorney had filed a motion to suppress— based on no evidence—it would have been frivolous. His counsel's failure to file a frivolous motion to suppress would not violate his Sixth Amendment right to the effective assistance of counsel. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Therefore, he cannot show (1) his Fourth Amendment claim is meritorious and (2) there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Alanis*, 88 F. App'x at 17. His bald assertion in his habeas petition—unsupported by any evidence—is insufficient to justify a conclusion that his counsel provided ineffective assistance. *See United States v. Flores*, 135 F.3d

1000, 1007 (5th Cir. 1998) (finding a district court properly granted government's motion for summary judgment where movant's claims were "conclusory and wholly unsupported by any probative evidence or affidavits in the record"); *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional claim") (citation omitted); *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("mere conclusory allegations do not raise a constitutional issue in a habeas proceeding").

### B.  Substantial Assistance

Mascorro claims his trial counsel provided constitutionally ineffective assistance when he failed to argue for a downward departure from his guideline sentence under Sentencing Guideline § 5K1.1 based on his claimed substantial assistance to authorities. Mot. to Vacate, ECF No. 52 at 4. He explains he:

> delivered specific information to his attorney that included names, addresses, online presence, and other details in the identification of multiple perpetrators engaged in similar charges that included enticement, coercion, and actual abuse, and such information detailed everything law enforcement would need to simply arrest and indict these individuals, yet counsel failed to deliver such information initially, then failed to petition for such consideration after [he] actually met with law enforcement on his own over multiple debriefings.

*Id*. at 20.

Sentencing Guideline §5K1.1 provides "[u]pon *motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S. SENT'G GUIDELINES MANUAL §5K1.1 (U.S. SENT'G COMM'N 2021) (emphasis added). It does not contemplate a motion from defense counsel. *Id*. It "gives the Government [alone] a power, not a duty, to file a motion [for a downward departure] when a defendant has substantially assisted."

*Wade v. United States*, 504 U.S. 181, 184 (1992). It does not even permit a sentencing court to grant a downward departure on the basis of substantial assistance "[a]bsent a motion for downward departure made by the Government." *United States v. Price*, 95 F.3d 364, 367–68 (5th Cir. 1996) (citing *Wade*, 504 U.S. at 184).

Mascorro's counsel agrees the Government did debrief his client. Gov't's Resp., Ex. A (Harris Declaration), ECF No. 61 at 27. He adds, however, the Government concluded the information Mascorro provided was not sufficient to warrant filing §5K1.1 downward departure motion on his behalf. *Id*. So, he did not have a basis to argue for a §5K1.1 downward departure.

Mascorro's counsel was not deficient in failing to move for a §5K1.1 downward departure because only the Government could make such a motion. Moreover, even if Mascorro's counsel had asked the Government to move for a downward departure, there is nothing in the record to suggest the Government would have done so.

Mascorro has provided no evidence to support a conclusion that his counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S. at 687. He has also not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### C. Extraordinary Physical Impairment

Mascorro claims his trial attorney provided constitutionally ineffective assistance when he failed to seek a downward departure under Sentencing Guideline §5K2.22 due to his extraordinary physical impairment. Mot. to Vacate, ECF No. 52 at 4. He argues his "medical condition precludes a prison from proper accommodation and care, and thus qualifies as grounds for home confinement or a dramatically reduced sentence upon §5K2.22 and §5H1.4." Mem. in Supp., ECF No. 52-1 at

8

14.

Sentencing Guideline §5K2.0—the policy statement for departures—declares "[t]he grounds enumerated in this Part K of Chapter Five are the sole grounds that have been affirmatively and specifically identified as a permissible ground of downward departure in these sentencing guidelines and policy statements." U.S. SENT'G GUIDELINES MANUAL §5K2.0 (U.S. SENT'G COMM'N 2021). Sentencing Guideline §5K2.22 states, "[i]n sentencing a defendant convicted of an offense involving a minor victim under … chapter … 117, of tile 18, United States Code[,] … [a]n extraordinary physical impairment may be a [ground] to depart downward only if and to the extent permitted by §5H1.4." *Id.* § 5K2.22. Sentencing Guideline §5H1.4 provides, in pertinent part, "[a]n extraordinary physical impairment may be a reason to depart downward; e.g., in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than, imprisonment." *Id.* §5H1.4.

But Sentencing Guideline "§5K2.0, 'in and of itself,' does not permit the district court to depart below an applicable mandatory statutory minimum sentence." *United States v. Phillips*, 382 F.3d 489, 498 (5th Cir. 2004) (citing *United States v. Lopez*, 264 F.3d 527, 531 (5th Cir. 2001)). And, more importantly, "[f]ederal law explicitly cabins the district court's discretion in departing downward ... from a statutory minimum" sentence. *Id.* (citing *United States v. Alvarez*, 51 F.3d 36, 39 (5th Cir. 1995)).

Mascorro was indicted under Chapter 117 of Title 18 of the United States Code—specifically under 18 U.S.C. § 2422(b)—for using a facility of interstate to coerce and entice an individual who had not attained the age of 18 years to engage in a sexual activity. Indictment, ECF No. 12. As a result, Mascorro faced a statutory minim sentence of "not less than 10 years." 18

9

U.S.C. § 2422.

Mascorro's attorney filed a motion for downward departure based on Mascorro's medical conditions and physical impairments, including his scoliosis or curved spine, cerebral palsy, hypertension, gastrointestinal reflux (GERD), onychomycosis (toenail fungus), heartburn, ADHD, panic attacks, polio, delayed walking ability, and club foot. Def. Mot. Downward Departure, ECF No. 40 at 3–4. He cited Sentencing Guideline §5H1.4 as the basis for the downward departure. *Id.* at 4–6.

Court advised Mascorro and his attorney at his sentencing hearing that it could not grant the motion:

> THE COURT: Mr. Harris, … you have a motion … requesting a lower sentence.
>
> MR. HARRIS: Yes.
>
> THE COURT: However, a mandatory minimum applies.
>
> MR. HARRIS: I'm sorry?
>
> THE COURT: This is a mandatory minimum case.
>
> MR. HARRIS: Well, I still filed a motion. Hopefully, you can give him a lesser sentence.
>
> THE COURT: No, no, I can't. The statute forbids a lower sentence.
>
> MR. HARRIS: I tried.
>
> THE COURT: And he was admonished about that --
>
> MR. HARRIS: Yeah.
>
> THE COURT: -- at the time of his plea of guilty. He knew that. He was informed that it was a minimum mandatory, and that that was the low end. So, Mr. Harris, that's irrelevant because the statute overrides the sentencing guidelines.

10

Sentencing Tr., ECF No. 58 at 2:15–3:7.

Therefore, even if Mascorro's attorney had filed a motion for downward departure under Sentencing Guideline §5K2.22, instead of §5H1.4, the Court could not have granted this motion because Mascorro faced a statutory minimum mandatory of ten years' imprisonment. Consequently, Mascorro cannot prove his attorney provided ineffective assistance for not filing a motion for a downward departure under Sentencing Guideline §5K2.22—and Mascorro cannot prove prejudice as result of his counsel's failure to file a motion for downward departure.

### D.  Jury Trial

Mascorro claims that his trial attorney provided constitutionally ineffective assistance of counsel when he failed to consider asking for a jury trial. Mot. to Vacate, ECF No. 52 at 5. As a consequence, he maintains he was denied the opportunity to confront the investigators, challenge the forensic evidence, and present psychological experts. *Id*. at 5–6.

A defendant "charged with the commission of a criminal offense, and to him alone, [has] the 'right to a speedy and public trial, by an impartial jury.' " *Gannett Co. v. DePasquale*, 443 U.S. 368, 379 (1979) (quoting U.S. CONST. amend. VI). "[A] defendant may waive [his] right to a jury trial, provided that [he] does so voluntarily, knowingly, and intelligently." *Pierre v. Leger*, 495 F. App'x 403, 406 (5th Cir. 2012).

Whether a defendant has made "an intelligent, competent, self-protecting waiver of jury trial [depends] upon the unique circumstances of each case." *Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 278 (1942). Consequently, the voluntariness of a defendant's waiver is determined "by considering all of the relevant circumstances surrounding it." *Brady v. United States*, 397 U.S.

742, 749 (1970). A defendant must have full knowledge of the consequences of his decision to knowingly waive a jury trial. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). A defendant must "first receive[ ] 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process' " to intelligently waive a jury trial. *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, (1941)).

So, in approving a defendant's waiver of a jury trial, a district court should evaluate both (1) the ability of the defendant to make an intelligent decision and (2) the defendant's awareness of the benefits and burdens of foregoing a jury trial. *United States v. Martin*, 704 F.2d 267, 272 (6th Cir. 1983). Additionally, a district court must recognize its responsibility to jealously preserve the defendant's right to a jury trial—the constitutionally preferred method of disposing of criminal cases. As a result, a district court should not lightly approve of a jury trial waiver. *Id*. (citing *Patton v. United States*, 281 U.S. 276, 312 (1930), *overruled on other grounds by Williams v. Florida*, 399 U.S. 78 (1970)).

Mascorro was sworn in at his plea hearing and immediately engaged in the following conversation with the Magistrate Judge:

> THE COURT: You've taken an oath to tell the truth. What you say today must be true or you can be prosecuted for perjury. Do you understand that what you say must be true?
>
> DEFENDANT MASCORRO: Yes.

Plea Hearing Transcript, ECF No. 59, at 3:16, 3:21–3:24. Mascorro claimed he went to college for two years, understood the charge against him, had not taken any medication that might confuse him, and was able to communicate with his attorney. *Id*. at 4:7–4:9; 4:12–5:9. He was advised of his rights. *Id*. at 5:20–6:25. He waived his rights to a trial by jury, confront witnesses, testify in his

own behalf, and compel witnesses to testify. *Id*. at 5:20–7:5. He then took part in the following

colloquy:

> THE COURT: Now, do you give up your right to a trial and would you like to plead guilty here this afternoon? Is that what you want to do?
>
> DEFENDANT MASCORRO: Yes.
>
> THE COURT: Are you pleading guilty voluntarily, in other words by your own choice?
>
> DEFENDANT MASCORRO: Yes.
>
> THE COURT: Did anybody threaten you or force you or make any promises to you to get you to say here in Court that you're guilty? Did anybody do that to you?
>
> DEFENDANT MASCORRO: No.
>
> THE COURT: All right. No plea agreement. Is that correct, Mr. Harris?
>
> MR. HARRIS: That's correct, Your Honor.
>
> THE COURT: Mr. Mascorro, did you go over the sentencing guidelines with Mr. Harris? It's an estimate about what the sentencing range might be in terms of months. Did you have that discussion?
>
> DEFENDANT MASCORRO: Yes.

*Id*. at 7:2–7:20.

The Magistrate Judge reviewed the charges in the indictment. *Id*. at 9:23–10:3. He

confirmed with Mascorro's counsel and the Government's attorney that the minimum term of

imprisonment was ten years imprisonment with a maximum term of imprisonment of life, a fine

of up to $250,000, at least five years of supervised release, a $100 special assessment, and maybe

up to a $5,000 special assessment if he was deemed to be non-indigent. *Id*. at 11:5–11:9. When the

Magistrate Judge asked, Mascorro stated that he understood both the maximum and minimum term

13

of imprisonment that he faced. *Id*. at 13:1-13:3. When the Magistrate asked Mascorro to enter a

plea, the following exchange occurred:

> THE COURT: Armando Rafael Mascorro, to Count 1 of the indictment
> charging you with attempted coercion and enticement of an individual who had not
> attained the age of 18 to engage in sexual activity which could have been charged
> as indecency with a child in violation of the Texas Penal Code, to that charge, do
> you plead guilty or do you plead not guilty?

> DEFENDANT MASCORRO: Plead guilty.

> THE COURT: Say it again, please.

> DEFENDANT MASCORRO: Plead guilty.

*Id*. at 13:15–13:23. The Magistrate Judge found Mascorro understood the charge against him,

Mascorro understood the maximum penalty in his case, and there was a factual basis to support

Mascorro's guilty plea. *Id*. at 17:22–18:3. He concluded the Mascorro's plea was knowing and

voluntary. *Id.*

It is settled that a defendant's solemn declarations in open court are presumed to be true,

and normally a defendant may not recant sworn testimony at a plea proceeding. *United States v.*

*Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998); *United States v. Fuller*, 769 F.2d 1095, 1099 (5th

Cir. 1985); *United States v. Sanderson*, 595 F.2d 1021, 1022 (5th Cir. 1979).

Considering all of the relevant circumstances, the Court finds Mascorro had "real notice of

the true nature of the charge against him." *Bousley*, 523 U.S. at 618. The court further finds

Mascorro had full knowledge of the consequences of his decision to knowingly waive a jury trial.

*Boykin*, 395 U.S. at 244. The Court also finds Mascorro "voluntarily, knowingly, and intelligently"

waived his right to a trial by a jury. *Pierre*, 495 F. App'x at 406. Consequently, the Court finds

Mascorro has not met his burden of showing his counsel' performance was either deficient or

14

prejudice. *Strickland*, 466 U.S. at 689–94.

### E.  Confront Investigators and Challenge Use of Technology

Mascorro contends his trial attorney provided constitutionally ineffective assistance when he failed to confront the investigators and challenge the illegal search technology used by the undercover agent. Mot. to Vacate, ECF No. 52 at 8. He asserts "[i]n cases such as the instant case, where evidence is either illegally collected, improperly handled, or indiscriminately evaluated, it becomes the duty and obligation of the defense … to move the Court to an Evidentiary Hearing, all in the interest of justice and due process of law." Mem. in Supp., ECF No. 52-1 at 21.

Fifth Amendment protects an individual's right to be free from compelled self-incrimination and only those confessions that are made voluntarily may be used at trial. *Malloy v. Hogan*, 378 U.S. 1, 7 (1964). Whether a confession is voluntarily depends upon the "totality of the circumstances." *Arizona v. Fulminante*, 499 U.S. 279, 286 (1991). The Government bears the burden of proving the voluntariness of a confession "by a preponderance of the evidence." *Lego v. Twomey*, 404 U.S. 477, 489 (1972).

Notably, Mascorro fails to explain how the investigators coerced or intimidated him. The record shows Mascorro was advised of his constitutional rights at the time of his arrest, as required by *Miranda v. Arizona*, 384 U.S. 436 (1966), and he waived them. Complaint, ECF No. 1 at 3, ¶ 11; Plea Hearing Transcript, ECF No. 59, at 14, line 1 through at 15, line 24; PSR, ECF No. 34 at ¶ 7. At his plea hearing, Mascorro did not contradict the prosecutor's claim, "[a]fter being advised of his rights, he waived his rights and agreed to speak to agents." Plea Tr., ECF No. 59, at 14:1–14:7. Mascorro admitted he used his cell phone to arrange a meeting with a girl he believed was 14 or 15 for sex—and "actually went over to the place where [he] thought sexual activity … would

occur." Plea Tr., ECF No. 59 at 16:22–17:10. At his sentencing hearing, Mascorro claimed he discussed the presentence investigation with his attorney and did not contradict the facts in the document relating to his "acknowledging his Constitutional rights" at the time of his arrest. Sentencing Tr., ECF No. 58 at 2:12–2:14. In sum, the record reflects Mascorro freely and voluntarily made his confession. So, Mascorro's attorney had no basis to confront the investigators or challenge the admission of his statements made at the time of his arrest.

Further, 18 U.S.C. § 2511(2)(c) provides:

> It shall *not* be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.

18 U.S.C. § 2511(2)(c) (emphasis added). Consequently, § 2511(2)(c) permits an undercover agent to "record … conversations ... because the tapes [are] made with the consent of one of the parties to the conversations." *United States v. Mendoza*, 574 F.2d. 1373, 1377 (5th Cir.1978).

In this case, the FBI was conducting an undercover operation into illegal activities when its agent communicated with Mascorro. Because the agent was a party to the communication and consented to the recording of the communication, the agent did not need court authorization to conduct the interceptions. Consequently, there is no evidence the agent illegally collected, improperly handled, or indiscriminately evaluated the evidence against Mascorro.

Finally, Mascorro fails to identify any specific acts and omissions which show his counsel was ineffective. Mascorro's general statements and conclusory allegations are not sufficient to support his ineffective assistance of counsel claim. *Knighton v. Maggio*, 740 F.2d 1344, 1349–1350 (5th Cir. 1984). Mascorro has not met his burden of showing his counsel's performance was

either deficient or prejudiced his case. *Strickland*, 466 U.S. at 689–94.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case is adequate to dispose fully and fairly of Mascorro's claims. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying Mascorro's claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

The Court will not issue a certificate of appealability.

### CONCLUSION AND ORDER

The Court concludes Mascorro has failed to assert claims establishing (1) his "sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *Seyfert*, 67 F.3d at 546. The Court also concludes that Mascorro is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Mascorro's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 52) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Mascorro is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS SO ORDERED.**

**SIGNED** this 21st day of August 2023.

**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**