IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | EP-21-CR-833-FM-1 |
| | § | |
| ARMANDO RAFAEL MASCORRO. | § | |

### ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE

Armando Rafael Mascorro, Federal Prisoner Number 41679-509, moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for his "placement in home confinement" due to his medical condition, family situation, and rehabilitation. Def.'s Mot., ECF No. 62 at 1.[1] His opposed motion is denied.

### BACKGROUND

Mascorro is a 37-year-old inmate serving a ten-year sentence for attempted coercion and enticement. J. Crim. Case, ECF No. 44 at 1, 2. He is diagnosed with various medical conditions including scoliosis, cerebral palsy, and hypertension. *Id*., Addendum C (Medical Records), ECF No. 62-3 at 2; Presentence Investigation, ECF No. 34 at ¶ 38. He is incarcerated at the Federal Correctional Institution in Seagoville, Texas. *See* Find an Inmate, https://www.bop.gov/inmateloc/ (search for Reg. No. 41679-509) (last visited Aug. 8, 2023). His anticipated release date is April 19, 2029. *Id*.

On April 24, 2021, Mascorro used a social media messaging application—which permitted users to send text messages and other content to each other over the internet—to arrange for a sexual encounter with a girl named "Lexi." Presentence Investigation, ECF No. 34 at ¶ 5. He believed at the time that Lexi was 14 years old—although Lexi was actually the creation of an

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

undercover agent working for the Federal Bureau of Investigation (FBI). *Id*. When he arrived at Lexi's purported residence to have sex with her, he encountered FBI agents who arrested him. *Id*. at ¶ 6. Upon acknowledging his constitutional rights, he admitted to the FBI agents that he had communicated with Lexi in the belief she was a 14-year-old female. *Id*. at ¶ 7. He explained he was attracted to younger girls, although he claimed he understood it was against the law for him to have sex with a minor. *Id*.

Mascorro was indicted for using a facility of interstate to coerce and entice an individual who had not attained the age of 18 years to engage in a sexual activity in violation of 18 U.S.C. § 2422(b). Indictment, ECF No. 12. He pleaded guilty without the benefit of a plea agreement. R. & R., ECF No. 29. His minimum sentence for the offense was 120 months' imprisonment. Presentence Investigation, ECF No. 34 at ¶ 49. He was accordingly sentenced to ten years' imprisonment. J. Crim. Case, ECF No. 44 at 2. He did not appeal.

Mascorro suggests three reasons for the Court to grant him early release or placement in home confinement. First, he claims COVID-19 and its variants pose a threat to his health due to his preexisting medical conditions—including his cerebral palsy and hypertension. Def.'s Mot., ECF No. 62 at 6. Second, he avers his wife and young daughter both suffer with mental health disabilities and his wife is unable to work. *Id*. at 1; *id*. at Addendum A (Request for Reduction in Sentence), ECF No. 62-1. Finally, he maintains he has made substantial progress in his rehabilitation. *Id*. at 4; *id*. at Addendum B (Inmate History), ECF No. 62-2.

The Government opposes Mascorro's motion. Gov't's Resp., ECF No. 65. It asserts Mascorro fails "to show extraordinary and compelling reasons that would warrant a reduction" in his sentence. *Id*. at 1. It maintains Mascorro fails "to show that the statutory sentencing factors outlined in 18 U.S.C. § 3553(a) would support a reduced prison term." *Id*. It also asserts the Court

should "deny any request for an order directing BOP to designate [Mascorro] to serve [his] sentence in home confinement." *Id*. at 11. It reasons "[f]ederal statute grants BOP, not courts, the sole authority to determine the place of incarceration." *Id*. (citing 18 U.S.C. § 3621(b); *United States v. Voda*, 994 F.2d 149, 151-52 (5th Cir. 1993); *Moore v. U.S. Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973)).

## APPLICABLE LAW

A reviewing court may grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) only after reconsidering the sentencing factors set forth in 18 U.S.C. § 3553(a) and finding (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Ward v. United States*, 11 F.4th 354, 359, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The § 3553(a) sentencing factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

"[E]xtraordinary" in the context of § 3582(c)(1)(A) means "beyond or out of the common order" or "remarkable." *United States v. Escajeda*, 58 F. 4th 184, 186 (5th Cir. 2023). "[C]ompelling" means "to drive or urge with force, or irresistibly," "to force," and "to subjugate." *Id*. So, to obtain a compassionate release, a prisoner must show he "face[s] some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner," which leads "irresistibly" to the conclusion that he has a "singular" and "remarkable" need for

early release. *Id*.

The Sentencing Commission has not issued a new policy statement since Congress amended § 3582 to permit prisoners to file motions for compassionate release through the First Step Act. "[T]he context of the [pre-amendment] policy statement shows that it applies only to motions filed by the BOP." *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Consequently, "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's . . . motion under § 3582. The district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id*. at 393.

"Although not dispositive, the commentary to [Sentencing Guideline] § 1B1.13 informs [a court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, 141 S. Ct. 2688 (2021) (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A)–(D)). It identifies only "four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.' " *Id*.

The "Medical Condition of the Defendant" may provide an extraordinary and compelling reason for a compassionate release. *Id*. But the commentary describes only two medical conditions which might warrant early release: (1) where "[t]he defendant is suffering from a terminal illness," and (2) where the defendant is suffering from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

"Age of the Defendant," "Family Circumstances," or "Other Reasons" may also provide extraordinary and compelling reasons for a defendant's early release. *Id.* To qualify based on age,

the defendant must (1) be at least 65, (2) be "experiencing a serious deterioration in physical or mental health because of the aging process," and (3) have served at least ten years of his sentence. *Id.* To qualify based on family circumstances, the defendant must show evidence of (1) the death or incapacitation of the caregiver for his minor children or (2) the incapacitation of a spouse who is without a caretaker. *Id*. To qualify based on other reasons, the defendant must establish he has " 'extraordinary and compelling reasons other than, or in combination with' medical condition, age, or family circumstances as 'determined by the Director of the Bureau of Prisons.' " *United States v. Koons*, 455 F. Supp. 3d 285, 290 (W.D. La. 2020).

## ANALYSIS

### A. Sentencing Factors

Mascorro used social media to arrange for sex with a girl he believed was 14 years old. Presentence Investigation, ECF No. 34 at ¶ 5. When he arrived at the girl's purported residence, he encountered FBI agents who arrested him. *Id*. at ¶ 6. Upon acknowledging his constitutional rights, he admitted to the FBI agents that he had communicated with the girl in the belief she was a 14-year-old female. *Id*. at ¶ 7. He explained he was attracted to younger girls, although he claimed he understood it was against the law for him to have sex with a minor. *Id*. He pleaded guilty to using a facility of interstate to coerce and entice a minor into engaging in a sexual activity in violation of 18 U.S.C. § 2422(b). R.&R., ECF No. 29. His minimum statutory sentence for the offense was 120 months' imprisonment. Presentence Investigation, ECF No. 34 at ¶ 49. He was therefore sentenced ten years' imprisonment. J. Crim. Case, ECF No. 44 at 2.

The Court finds—given the nature, circumstances, and seriousness of Mascorro offense—that releasing him from prison or placing him in home confinement now would do nothing to accomplish the sentencing goal of affording "adequate deterrence to criminal conduct." 18 U.S.C.

§§ 3553(a)(1) and 3553(a)(2)(A). Moreover, the Court finds that the early release or home confinement Mascorro seeks would ignore the sentencing guidelines and the applicable statute, 18 U.S.C. § 2422(b). *Id*. § 3553(a)(3)–(5). By ignoring the guidelines and statute, the Court would disregard the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id*. § 3553(a)(6); s*ee Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018) ("A principal purpose of the Sentencing Guidelines is to promote 'uniformity in sentencing imposed by different federal courts for similar criminal conduct.' ") (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 192 (2016)). After re-weighing the § 3553(a) sentencing factors, the Court finds that Mascorro's 120-month sentence is sufficient to comply with the basic aims of sentencing. *Id*. § 3553(a)(2).

### B. Medical Condition

Mascorro suggests he has been diagnosed with cerebral palsy and hypertension. Def.'s Mot., ECF No. 62 at 1. He claims his medical conditions—when combined with the presence of COVID-19 and its variants at his prison—create a threat to his health which justifies his early release or placement in home confinement. *Id*. at 6.

The Centers for Disease Control and Prevention (CDC) recognizes that people with some types of disabilities—including people with cerebral palsy—"may be more likely to get very sick from COVID-19" when living in congregate settings. *See* Ctrs. for Disease Control, Medical Conditions (May 11, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 16, 2023). The CDC likewise recognizes that hypertension (high blood pressure) "possibly ... can make you more likely to get severely ill from COVID-19." *See id*.

But the Fifth Circuit has already affirmed the view that a "commonplace" condition such as hypertension is not an "extraordinary and compelling" reason for a sentence reduction, even in

6

combination with COVID-19. *Thompson*, 984 F.3d at 434; *accord United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021); *United States v. Elias*, 984 F.3d 516, 521 (6th Cir. 2021). And Mascorro's medical records reflect that he is prescribed topical skin creams for dermatitis, Lisinopril for hypertension, and Naproxen for pain relief. Medical Records, ECF No. 67, Ex. A at 83. They suggest his medical conditions are all stabilized. *Id*. at 81–82. They show he has refused the administration of the COVID-19 Moderna Vaccine. *Id*. at 9. Furthermore, they indicate he is at Medical Care Level 1, which means he is "generally healthy" and has "limited medical needs that can be easily managed by clinician evaluations every 6–12 months." *Id*. at 39; *see* Fed. Bureau of Prisons, Care Level Classification for Medical and Mental Health Conditions or Disabilities (May 2019).

Indeed, Mascorro provides no evidence to support a conclusion that he has an advanced illness with an end-of-life trajectory—or that he suffers from a medical or physical condition which substantially diminishes his ability to provide self-care in prison. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1 (A). As a result, he does not identify a medical condition which would amount to an extraordinary and compelling reason for a sentence reduction. And his "[f]ear of COVID doesn't automatically entitle [him] to release." *Thompson*, 984 F.3d at 435. His current medical conditions do not fit in any of the categories that form the heartland of a compassionate release case.

### C. Family Circumstances

Mascorro claims his wife has a mental health disability, cannot work, and cannot financially support their two daughters. Def.'s Mot., ECF No. 62 at 1; *id*. at Addendum A (Request for Reduction in Sentence), ECF No. 62-1. But he provides no evidence of her incapacitation as the caregiver for his minor children. *Thompson*, 984 F.3d at 433. So, he cannot show a sentence

reduction or placement in home confinement would be consistent with Sentencing Commission policy.

### D. Post-Conviction Rehabilitation

Mascorro suggests his post-sentencing rehabilitation establishes an extraordinary and compelling reason for his early release or placement in home confinement. Def.'s Mot., ECF No. 62 at 4; *id*. at Addendum B (Inmate History), ECF No. 62-2. But his rehabilitation, while commendable, "is not, by itself, an extraordinary and compelling reason" for his release. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.3 (U.S. SENTENCING COMM'N 2018); *accord* 28 U.S.C. § 994(t); *see United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) (holding that a district court's discretion in sentencing is broad; however, there is a "statutory limit on what a court may consider to be extraordinary and compelling . . . [and] '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.' ").

### E. Home Confinement

Mascorro asks the Court to order his placement in home confinement. Def.'s Mot., ECF No. 62 at 1.

If the Court grants a sentence reduction, it "may impose a term of … supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C § 3582(c)(1)(A). Hence, it could require a period of "[h]ome detention" as a condition of supervised release if it finds home detention is a "substitute for imprisonment." *Id*. § 3583(d).

The Court observes it sentenced Mascorro to the statutory minimum and he "is ineligible for probation because the offense is a Class A Felony. 18 U.S.C. § 3561(a)(1)." Presentence Investigation, ECF No. 34 at ¶ 53. And it has already determined that a sentence reduction is not

warranted. So, the Court need not consider adding any term of supervised release with home detention. *See United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020).

The Court further notes that decisions regarding prisoner housing designations—including placement in home confinement—are reserved exclusively to the BOP, as they involve specialized determinations uniquely within its expertise. *See* 18 U.S.C. § 3621(b) (providing that the BOP shall designate the place of a prisoner's imprisonment, taking into account his security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, the proximity to his primary residence, BOP's security concerns, and the recommendations of the sentencing court); *United States v. Snead*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)) (noting that requests for home confinement "are properly directed to the [BOP]"); *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir.1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."). Because the BOP has the exclusive authority to determine where a prisoner is housed, the Court finds it is without authority to order Mascorro into home confinement.

## CONCLUSION AND ORDER

The Court concludes that Mascorro has not met his burden of showing that he qualifies for early release or placement in home confinement. Accordingly, **IT IS ORDERED** that Mascorro's motion for compassionate release or home confinement (ECF No. 62) is **DENIED**.

**SIGNED** this 21st day of August 2023.

_____
**FRANK MONTALVO**
**SENIOR UNITED STATES DISTRICT JUDGE**